UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CHERYL CENDAN,
                Plaintiff,

vs.

SCHOOL BOARD OF BROWARD                COMPLAINT
COUNTY, FLORIDA, a Florida
governmental entity,
                Defendant.
_____/

      Plaintiff, Cheryl Cendan, through her undersigned counsel, hereby files this Complaint, against the Defendant, the School Board of Broward County, Florida, a governmental entity, within the State of Florida; and in support hereof, Plaintiff states as follows:

## I.
## JURISDICTION

1. This action is brought pursuant to Fourteenth Amendment to the United States Constitution, and the jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of the fundamental procedural due process rights of public employees, including the workplace deprivation suffered by the Plaintiff, in this case, as a former public employee of the Defendant, the School Board of Broward County, Florida.

1

2. The jurisdiction of this Court is also invoked, pursuant to 28 U.S.C. Section 1343 (3), to recover damages, due to deprivations suffered by the Plaintiff in the workplace, as a public employee and as a citizen of the United States.

3. Moreover, pursuant to 28 U.S.C. Section 1331, the federal district courts shall have original jurisdiction arising under a question of federal law, or under a federal question, to recover damages, due to all deprivations suffered by the Plaintiff, arising under the Constitution, laws, and treaties of the United States.

4. This Court has pendent jurisdiction over any state law claims, pursuant to 28 U.S.C. Section 1367.

5. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. Section 1391, because the claim or cause of action herein, arose within Ft. Lauderdale, Broward County, Florida, which is located within the Southern District of Florida.

## II.
## PARTIES

6. Plaintiff, Chery Cendan (hereinafter, referred to as, "CENDAN"), was most recently employed by the School Board of Broward County, as the Principal at Millennium 6-12 Collegiate Academy (Millennium Academy), located in Tamarac, Broward County, Florida; she became the principal at Millennium Academy, on or about March of 2002.

7. Defendant, the School Board of Broward County (hereinafter, referred to as, the "SCHOOL BOARD," or as the "SCHOOL DISTRICT"), is a governmental agency, located in Ft. Lauderdale, Broward County, Florida; and it is responsible for the

2

administration of the public schools, in Broward County, Florida, in terms of the administration of student programs, classes and further, the SCHOOL BOARD, is responsible for the administration of human resources policies and procedures, for instructional and non-instructional staff members, including the administration of such policies and procedures, for the Plaintiff, herein, Cheryl Cendan.

8. Based upon the complete absence of the requisite modicum of procedural due process; prior to the initiation of the pre-disciplinary meeting, the absence of procedural due process at the pre-disciplinary meeting, and the total lack of an initiation of an administrative investigation, contrary to SCHOOL DISTRICT policy, CENDAN was *constructively discharged*, from her position, in violation of fundamental guarantees of procedural due process, as the Principal at Millennium Academy, in Tamarac, Broward County, Florida, by finalizing her forced and involuntary retirement, from the SCHOOL DISTRICT, on or about June 29, 2018.

9. The SCHOOL DISTRICT presented one set of purported disciplinary allegations at the May 29, 2018 pre-disciplinary meeting; and then immediately thereafter, orchestrated false and scurrilous disciplinary allegations, in a public forum, thereby basically, misleading and or "sandbagging" the Plaintiff, with the intentional purpose of compelling her forced retirement or forced resignation from her employment, with the SCHOOL BOARD, in the total absence of minimum procedural due process protections.

10. Such an intentional course of conduct by the SCHOOL BOARD Administration, clearly violated Fourteenth Amendment to the United States Constitution, as well as Article One,

Section Nine of the Florida Constitution, thereby depriving Plaintiff of fundamental rights, as a public sector employee.

## II.
## FACTS

11. On or about April 17, 2018, a former employee of the SCHOOL BOARD, notified the SCHOOL DISTRICT administration, that CENDAN had allegedly committed financial improprieties, in her administration of various activities at the Millennium Academy, for SCHOOL DISTRICT students, however, these allegations were blatantly false.

12. Upon the communication of the purported acts of misconduct to the SCHOOL BOARD Administration, allegedly committed by CENDAN, as a SCHOOL BOARD employee, the SCHOOL DISTRICT, pursuant to its internal policy, is required to initiate an internal administrative investigation, pursuant to its Guidelines for Internal Investigations; and or such an inquiry is to be initiated, under SCHOOL BOARD Policy 4.9; Paragraph IV, entitled, "Procedural Guidelines for Workplace Fact-Finding Inquiries/Investigations;" this policy was amended on April 19, 2018.

13. However, the SCHOOL BOARD failed to initiate an investigation, in April of 2018, pursuant to its Guidelines for Internal Investigations; and or under SCHOOL BOARD Policy 4.9; Paragraph IV, entitled, "Procedural Guidelines for Workplace Fact-Finding Inquiries/Investigations."

14. Rather than initiate a proper internal investigation, with the attendant procedures, pursuant to the internal SCHOOL BOARD policy, the Defendant, the SCHOOL DISTRICT orchestrated

4

the scheduling of a pre-disciplinary, or pre-determination meeting, against the Plaintiff, by issuing a letter, dated May 23, 2018, and through this correspondence, the SCHOOL BOARD, notified CENDAN, that she was being subjected to a pre-disciplinary meeting, based upon the following purported disciplinary allegations:

    i.    **Policy 4002.10 Nepotism/Employment and Assignment of Relatives.** Administrators/supervisors are responsible for abiding by this Policy, ensuring that employees within their jurisdiction are aware of the provisions of this Policy. Specifically, you hired your relative at your work location, Millennium Collegiate Academy 6—12, in the role of an interim substitute teacher during the 13—14 school year. Furthermore, you have hired the relative of an administrator in the role of interim institute teacher in October of 2017. Presently, this employee is working as a daily substitute teacher.

    ii.    **Policy 3.2 Food and Beverage Services Available to Students.** There are secondary guidelines that state when approved school organizations can sell food and beverage items to students. Furthermore, healthy snack guidelines must be adhered to when selling food and beverage items at specified times of the school day. Specifically, you are selling food and beverages in competition with the School Food Service during the school lunch period.

    iii.    **Policy 6301 Collection of Monies and Standard Practice I-101.** District procedures shall be followed to provide appropriate accounting for funds and to ensure compliance of District policies. Specifically, you have not followed procedures to receipt and deposit funds from school related activities, including but not limited to, concession stand sales.

    iv.    **Operating unauthorized non-School Board sanctioned Before & After Summer Programs.** Specifically, you are advertising and implementing student based fees-before, after, and summer programs that are not District approved Before & After Care programs or approved vendor through the Risk Management and the Superintendent's Screening Committee.

15. On May 29, 2018, the SCHOOL DISTRICT convened a pre-disciplinary meeting, with CENDAN; however, at the pre-disciplinary meeting, she was not permitted to provide documentary evidence, in order to specifically oppose the purported disciplinary allegations, which had been made against her, by the SCHOOL BOARD, as stated in the correspondence, containing the purported disciplinary allegations, dated May 23, 2018.

16. At the May 29, 2018 pre-disciplinary meeting, which was initiated under the auspices of Valerie Wanza, Ph.d., the Chief School Performance & Accountability Officer, for the Defendant, no other purported misconduct allegations were addressed or discussed with CENDAN, other than the purported allegations numbered as (i)—(iv) above.

17. However, the May 29, 2018, pre-disciplinary meeting appeared to be merely a subterfuge, since on June 21, 2018, the SCHOOL BOARD, acting through the Chief of its Special Investigative Unit ("SIU"), Robert Hutchinson, formally declined to conduct an administrative investigation, through its investigative office, SIU. [*See*, the Memorandum of SCHOOL BOARD SIU Chief Robert Hutchinson, attached hereto, as **EXHIBIT A**].

18. On June 1, 2018, Lisa Maxwell, Executive Director of the Broward Principals and Assistants Association ("BPAA"), acting as a conduit and or messenger, for Valerie Wanza, Ph.d., the Chief School Performance & Accountability Officer, instructed CENDAN to resign or retire from her employment with the SCHOOL BOARD, and to get "her financial affairs in order," since more serious allegations would soon be issued by SCHOOL BOARD administration, above and beyond the purported disciplinary

allegations articulated at the May 29, 2018 pre-disciplinary conference; and furthermore, the representation was that her contract would be non-renewed.

19. On June 1, 2018, Lisa Maxwell ("MAXWELL"), Executive Director of the Broward Principals and Assistants Association ("BPAA"), again, acting as a conduit and or messenger, for Valerie Wanza, Ph.d., the Chief School Performance & Accountability Officer, informed CENDAN that the Broward County State Attorney's Office would be filing criminal charges against her, and to avoid administrative and possible criminal liability, she should resign or retire from her employment with the SCHOOL BOARD.

20. On June 5, 2018, the SCHOOL BOARD administration issued correspondence to CENDAN, indicating that she was being removed from her position as a Principal and that she was being re-assigned to an administrative position.

21. On June 7, 2018, Valerie Wanza, ("WANZA") Ph.d., the Chief School Performance & Accountability Officer, along with several members of her Department, notably, Alan Strauss and Christine Semisch, assembled the employees of the Millennium Academy; and WANZA made the following threatening and defamatory statements about CENDAN:

    (a) "I'm like the Feds, I don't come get you until I know I got you!";

    (b) "I go deep and wide—You can't out game gamers!";

    (c) "The indictment papers will read United States of America v._____ and Robert Runcie, as Superintendent of Schools v._____";

    (d) "Light out—call the mortician!";

(e) "Can't out game old school GAME";

(f) "(The) Principal lost her way";

(g) "There is too much that has to be fixed"; and

(h) "I can ride (it) out, I just gave a benediction";

22. In addition, during the course of the meeting, WANZA intentionally made numerous false, disparaging and defamatory statements about CENDAN, including:

    (a) CENDAN "is doing something shady";

    (b) CENDAN led the "school to disarray";

    (c) CENDAN committed theft;

    (d) CENDAN violated state and federal law;

    (e) CENDAN violated tax laws;

    (f) The State Attorney's Office was looking into criminal charges against CENDAN;

    (g) CENDAN violated federal regulations;

    (h) CENDAN failed to pay SCHOOL BOARD staff;

    (i) CENDAN engaged in "illegal" activity with respect to a fundraiser entitled, "Star Strut"—even though this type of alleged "pay for play fundraiser is still operating, at many SCHOOL DISTRICT schools;

    (j) CENDAN destroyed the academic records of children;

    (k) CENDAN "lost her way"; and

    (l) CENDAN had unapproved vendors providing services to the children.

23. Moreover, a representative of the SCHOOL BOARD School Performance & Accountability Office, Christine Semisch, openly stated to the Millennium Academy

Staff, "how are you going to handle this confidential information," thereby negating any semblance of "confidentiality," and voiding confidentiality is violative of the Guidelines promulgated by the Florida Department of Education.

24. WANZA further falsely stated that CENDAN was derelict in her duties, as the Principal of Millennium Academy, since "junk food" was sold to students, but this same practice continues to occur at many SCHOOL DISTRICT locations.

25. WANZA also falsely stated that CENDAN violated unidentified laws by allowing fundraising programs overseen by the Millennium Academy Booster Club, despite the fact that other schools in the SCHOOL DISTRICT similarly engaged in such activities, such as Boosterthons and Color Runs, which were not prohibited by the SCHOOL DISTRICT Administration.

26. Given the intentional bad faith conduct of the SCHOOL BOARD Administration, in failing to provide CENDAN with a meaningful pre-disciplinary meeting on May 29, 2018, but instead, to orchestrate false disciplinary charges, in an open school forum, as a means to compel her retirement, Plaintiff had no other reasonable alternative but to retire, or to resign, from her employment with the SCHOOL BOARD, on June 28, 2018.

27. CENDAN was denied a meaningful pre-disciplinary hearing on May 29, 2018, in that the stated allegations in the May 23, 2018 correspondence, were merely a ruse and or a subterfuge; and the real allegations were hidden from the Plaintiff, by the administration on May 29, 2018; the actual misconduct allegations were orchestrated by WANZA, in the June 7, 2018 Millennium Academy meeting; and Plaintiff was purposefully precluded by

the SCHOOL BOARD administration, from defending herself against these false and scurrilous allegations.

28. On June 8, 2018, the SCHOOL BOARD issued correspondence to CENDAN, indicating that her contract as a Principal would not be renewed.

29. CENDAN's forced retirement, and or her constructive discharge, as a SCHOOL BOARD employee, became formally effective as of June 28, 2018.

30. Given the intentional bad faith conduct of the SCHOOL BOARD Administration, in failing to provide CENDAN with a meaningful pre-disciplinary meeting on May 29, 2018, but instead, to orchestrate false disciplinary charges, in an open school forum, as a means to compel her retirement, Plaintiff had no other reasonable alternative but to retire, or to resign, from her employment with the SCHOOL BOARD, on June 28, 2018.

## COUNT I
### (VIOLATION OF THE FUNDAMENTAL PRINCIPLE OF PROCEDURAL PROCESS, UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION)

31. Plaintiff restates and re-avers the allegations contained in Paragraphs 1—30 of the Complaint, as if fully set forth herein.

32. The Fourteenth Amendment to the United States Constitution provides that "No person shall be deprived of life, liberty or property, without due process of law. . ."

33. Analysis of a procedural due process claim involves two steps:
   (i) The first asks whether there exists a liberty or property interest which has been interfered with by the State; and

10

(j) The second asks whether the procedures attendant upon that deprivation were constitutionally sufficient.

34. While there is no single, inflexible test by which the courts decide whether the requirements of procedural due process have been met, fundamentally, it has been defined by the courts to mean a structure of laws and procedures that hears arguments, before it condemns upon inquiry, to issue a final substantive judgment.

35. The constitutional guarantee of due process extends to every type of legal proceeding, especially where, as here, as a public employee, and as a SCHOOL BOARD employee, CENDAN is entitled to a meaningful pre-disciplinary or pre-determination hearing; upon the issuance of administrative charges; as well as, to a fair, impartial and meaningful investigation; fundamental due process rights, which were summarily denied to CENDAN in this case.

36. The purported pre-disciplinary or pre-determination hearing in this case was merely a sham, or pretense, or at best, it was entirely illusory.

37. The SCHOOL DISTRICT presented one set of allegations at the May 29, 2018 pre-disciplinary meeting; and then immediately thereafter, orchestrated false and scurrilous disciplinary allegations, with the intentional purpose of compelling the forced retirement or forced resignation of the Plaintiff.

38. Furthermore, the fundamental principles of procedural due process, include fair notice of the adverse charges and allegations, with a fair opportunity to present a rebuttal case,

11

again, fundamental due process rights, which were summarily denied to CENDAN in this case.

39. CENDAN was clearly and fundamentally denied a meaningful pre-disciplinary hearing, on May 29, 2018, in that the stated allegations in the May 23, 2018 correspondence, were merely a ruse and or a subterfuge; and the real disciplinary allegations, were hidden from the Plaintiff, by the SCHOOL BOARD Administration on May 29, 2018; the actual misconduct allegations were orchestrated by WANZA, in the June 7, 2018 Millennium Academy meeting; and Plaintiff was purposefully precluded by the SCHOOL BOARD Administration, from defending herself against these false and scurrilous allegations.

40. Given the intentional bad faith conduct of the SCHOOL BOARD Administration, in failing to provide CENDAN with a meaningful pre-disciplinary meeting on May 29, 2018, but instead, to orchestrate false disciplinary charges, in an open school forum, as a means to compel her retirement, Plaintiff had no other reasonable alternative but to retire, or to resign, from her employment with the SCHOOL BOARD, on June 28, 2018.

41. Moreover, due to the inherently flawed adverse personnel acts and or policies of the Defendant, which were inherently constitutionally deficient in practice, and the complete denial of the fundamental principles of procedural due process, Plaintiff has suffered substantive damages, including, but not limited to, front pay, back pay, all damages associated with her prior employment with the SCHOOL BOARD, as well compensatory damages.

12

**WHEREFORE**, Plaintiff, CHERYL CENDAN, respectfully requests that the Court enter judgment against the Defendant, the SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, and order the following relief:

(A) Order the issuance of an injunction, enjoying the application of Defendant's unlawful policies and personnel practices, which have been made in violation of the fundamental principles of procedural;

(B) Requiring Defendant to pay a sum to Plaintiff, representing lost wages, salary and job benefits to Plaintiff;

(C) Requiring Defendant to pay a sum to Plaintiff, representing her future wage losses, or front pay;

(D) Requiring Defendant to pay an award of compensatory damages to the Plaintiff, for mental distress and humiliation;

(E) Requiring Defendant to pay an award of pre- and post-judgment interest;

(F) Requiring Defendant to pay an award of reasonable attorney's fees, costs and expenses; and

(G) Requiring the Defendant to pay any such further relief, which the Court deems to be just, proper and equitable.

**COUNT II**
**(VIOLATION OF THE FUNDAMENTAL PRINCIPLE OF PROCEDURAL PROCESS UNDER THE FLORIDA CONSTITUTION)**

42. Plaintiff restates and re-avers the allegations contained in Paragraphs 1—30 of the Complaint, as if fully set forth herein.

43. Article One, Section Nine of the Florida Constitution provides that "No person shall be deprived of life, liberty or property, without due process of law. . ."

44. Article One of the Florida Constitution also contains other important provisions, including Section 2, regarding the basic rights of all Florida citizens to be treated equally before the law and to have inalienable rights, among which are the right ton enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property.

45. Article One, Section Twenty-One protects the right of every Florida citizen to have open access to the state's courts for the redress of any injury.

46. While there is no single, inflexible test by which Florida courts decide whether the requirements of procedural due process have been met, fundamentally, it has been defined by the courts to mean a structure of laws and procedures that hears arguments, before it condemns upon inquiry, to issue a final substantive judgment.

47. The constitutional guarantee of due process extends to every type of legal proceeding, especially where, as here, as a public employee, and as a SCHOOL BOARD employee, CENDAN is entitled to a meaningful pre-disciplinary or pre-determination hearing; upon the issuance of administrative charges; as well as to a fair, impartial and meaningful investigation; fundamental due process rights, which were summarily denied to CENDAN in this case.

48. The purported pre-disciplinary or pre-determination hearing in this case was merely a sham, or pretense, or at best, it was entirely illusory.

14

49. Furthermore, the fundamental principles of procedural due process include fair notice of the adverse charges and allegations, with a fair opportunity to present a rebuttal case, again, fundamental due process rights, which were summarily denied to CENDAN in this case.

50. Due to the inherently flawed personnel acts and or policies of the Defendant, and the complete denial of the fundamental principles of procedural due process, Plaintiff has suffered substantive damages, including, but not limited to, front pay, back pay, all damages associated with her prior employment with the SCHOOL BOARD, as well compensatory damages.

**WHEREFORE**, Plaintiff, CHERYL CENDAN, respectfully requests that the Court enter judgment against the Defendant, the SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, and order the following relief:

(A) Order the issuance of an injunction, enjoying the application of Defendant's unlawful policies and personnel practices, which have been made in violation of the fundamental principles of procedural;

(B) Requiring Defendant to pay a sum to Plaintiff, representing lost wages, salary and job benefits to Plaintiff;

(C) Requiring Defendant to pay a sum to Plaintiff, representing her future wage losses, or front pay;

(D) Requiring Defendant to pay an award of compensatory damages to the Plaintiff, for mental distress and humiliation;

(E) Requiring Defendant to pay an award of pre- and post-judgment interest;

(F) Requiring Defendant to pay an award of reasonable attorney's fees, costs and expenses; and

(G) Requiring the Defendant to pay any such further relief, which the Court deems to be just, proper and equitable.

### Demand for Trial by Jury

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on this 29th day of May, 2020.