**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  20-cv-61053-RKA**

CHERYL CENDAN,
          Plaintiff,

vs.

SCHOOL BOARD OF BROWARD         **AMENDED COMPLAINT**
COUNTY, FLORIDA, a Florida
governmental entity,
          Defendant.
_____/

     Plaintiff, Cheryl Cendan, through her undersigned counsel, hereby files this Amended

Complaint, against the Defendant, the School Board of Broward County, Florida, a governmental

entity, within the State of Florida; and in support hereof, Plaintiff states as follows:

**I.**
**JURISDICTION**

1.   This action is subject to the provisions of 42 U.S.C. Section 1983; and jurisdiction of this

    matter is properly before this Court, under 28 U.S.C. Sections 1331 and 1343, to redress

    the deprivations of Plaintiff's rights, as secured by the Fourteenth Amendment to the

    United States Constitution; and the amount in controversy in this case, excluding interest

    and costs, exceeds the minimum jurisdictional limit of this Court.

2. Plaintiff, Cheryl Cendan, asserts a violation of her liberty interest, under the 14th Amendment to the United States Constitution, under color of state law, and enforced through 42 U.S.C. Section 1983, based upon a claim, alleging a "stigma or disability," and further, based upon another cause of action, alleging an additional claim, known as, "reputation plus."

3. Plaintiff, Cheryl Cendan, further asserts that she was subjected to an adverse employment action, as a result of suffering a constructive discharge, upon her separation from employment, on June 30, 2018.

## II.
## VENUE

4. A substantial part of the events and or omissions complained of herein, occurred within Ft. Lauderdale, Broward County, Florida; and therefore, venue is proper in the Southern District of Florida, under 28 U.S.C. Sections 1391 (b), (c), and 1392 (a).

## III.
## PARTIES

5. Plaintiff, Cheryl Cendan (hereinafter, referred to as, "CENDAN"), was most recently employed by the School Board of Broward County, as the Principal at Millennium 6-12 Collegiate Academy (Millennium Academy), located in Tamarac, Broward County, Florida; she became the Principal at Millennium Academy, on or about March of 2002.

6. Defendant, the School Board of Broward County (hereinafter, referred to as, the "SCHOOL BOARD," or as the "SCHOOL DISTRICT"), is a governmental agency, located in Ft. Lauderdale, Broward County, Florida; and it is responsible for the administration of the

public schools, in Broward County, Florida, in terms of the administration of student programs, classes and further, the SCHOOL BOARD, is responsible for the administration of human resources policies and procedures, and personnel policies and practices, for instructional staff members, including the administration of such policies and procedures, for the Plaintiff, herein, Cheryl Cendan.

### IV.
### FACTUAL ALLEGATIONS

7. On or about April 17, 2018, a former employee of the SCHOOL BOARD, notified the SCHOOL DISTRICT administration, that CENDAN had allegedly committed financial improprieties, in her administration of various activities at the Millennium Academy, for SCHOOL DISTRICT students, however, these allegations were blatantly false.

8. Upon the communication of the purported acts of misconduct to the SCHOOL BOARD Administration, allegedly committed by CENDAN, as a SCHOOL BOARD employee, the SCHOOL DISTRICT, pursuant to its internal policy, is required to initiate an internal administrative investigation, pursuant to its Guidelines for Internal Investigations; and or such an inquiry is to be initiated, under SCHOOL BOARD Policy 4.9; Paragraph IV, entitled, "Procedural Guidelines for Workplace Fact-Finding Inquiries/Investigations;" and this policy was amended on April 19, 2018.

9. However, the SCHOOL BOARD failed to initiate an investigation, in April of 2018, pursuant to its Guidelines for Internal Investigations; and or under SCHOOL BOARD

Policy 4.9; Paragraph IV, entitled, "Procedural Guidelines for Workplace Fact-Finding Inquiries/Investigations.

10. The SCHOOL BOARD issued a letter, dated May 23, 2018, and through this correspondence, the SCHOOL BOARD, notified CENDAN, that she was being subjected to a pre-disciplinary meeting, based upon the following purported disciplinary allegations:

   i.    **Policy 4002.10   Nepotism/Employment and Assignment of Relatives**.
         Administrators/supervisors are responsible for abiding by this Policy,
         ensuring that employees within their jurisdiction are aware of the provisions
         of this Policy. Specifically, you hired your relative at your work location,
         Millennium Collegiate Academy 6—12, in the role of an interim substitute
         teacher during the 13—14 school year. Furthermore, you have hired the
         relative of an administrator in the role of interim institute teacher in October
         of 2017. Presently, this employee is working as a daily substitute teacher.

   ii.   **Policy 3.2 Food and Beverage Services Available to Students**. There are
         secondary guidelines that state when approved school organizations can sell
         food and beverage items to students. Furthermore, healthy snack guidelines
         must be adhered to when selling food and beverage items at specified times
         of the school day. Specifically, you are selling food and beverages in
         competition with the School Food Service during the school lunch period.

   iii.  **Policy 6301 Collection of Monies and Standard Practice I-101**. District
         procedures shall be followed to provide appropriate accounting for funds
         and to ensure compliance of District policies. Specifically, you have not
         followed procedures to receipt and deposit funds from school related
         activities, including but not limited to, concession stand sales.

   iv.   **Operating unauthorized non-School Board sanctioned Before & After
         Summer Programs**. Specifically, you are advertising and implementing
         student based fees-before, after, and summer programs that are not District
         approved Before & After Care programs or approved vendor through the
         Risk Management and the Superintendent's Screening Committee.

11. On May 29, 2018, the SCHOOL DISTRICT convened a pre-disciplinary meeting, with CENDAN; however, at the pre-disciplinary meeting, she was not permitted to provide documentary evidence, in order to specifically oppose the purported disciplinary allegations, which had been made against her, by the SCHOOL BOARD, as stated in the correspondence, containing the purported disciplinary allegations, dated May 23, 2018.

12. At the May 29, 2018 pre-disciplinary meeting, which was initiated under the auspices of Valerie Wanza, Ph.d., the Chief School Performance & Accountability Officer, for the Defendant, no other purported misconduct allegations were addressed or discussed with CENDAN, other than the purported allegations numbered as (i)—(iv) above.

13. However, the May 29, 2018, pre-disciplinary meeting appeared to be merely a subterfuge, since on June 21, 2018, the SCHOOL BOARD, acting through the Chief of its Special Investigative Unit ("SIU"), Robert Hutchinson, formally declined to conduct an administrative investigation, through its investigative office, SIU. [*See*, the Memorandum of SCHOOL BOARD SIU Chief Robert Hutchinson, previously attached to the Complaint, as **EXHIBIT A**].

14. On June 1, 2018, Lisa Maxwell, the Executive Director of the Broward Principals and Assistants Association ("BPAA"), acting as a conduit and or messenger, for Valerie Wanza, Ph.d., the Chief School Performance & Accountability Officer, instructed CENDAN to resign, or retire, from her employment with the SCHOOL BOARD, and to get "her financial affairs in order," since more serious allegations would soon be issued by SCHOOL BOARD administration, above and beyond the purported disciplinary

5

allegations articulated at the May 29, 2028 pre-disciplinary conference; and furthermore, the representation was that her contract would be non-renewed.

15. Moreover, on June 1, 2018, Lisa Maxwell ("MAXWELL"), Executive Director of the Broward Principals and Assistants Association ("BPAA"), again, acting as a conduit and or messenger, for Valerie Wanza, Ph.d., the Chief School Performance & Accountability Officer, informed CENDAN that the Broward County State Attorney's Office would be filing criminal charges against her, and to avoid administrative and possible criminal liability, she should resign or retire from her employment with the SCHOOL BOARD.

16. On June 5, 2020, the SCHOOL BOARD administration issued correspondence to CENDAN, indicating that she was being removed from her position as a Principal, and that she was being re-assigned to an administrative position.

17. On June 7, 2018, Valerie Wanza, ("WANZA") Ph.d., the Chief School Performance & Accountability Officer, along with several members of her Department, notably, Alan Strauss and Christine Semisch, assembled the employees of the Millennium Academy; and WANZA made the following threatening and defamatory statements about CENDAN:

    (a) "I'm like the Feds, I don't come get you until I know I got you!";

    (b) "I go deep and wide—You can't out game gamers!";

    (c) "The indictment papers will read United States of America v._____ and Robert Runcie, as Superintendent of Schools v._____";

    (d) "Light out—call the mortician!";

    (e) "Can't out game old school GAME";

    (f)  "(The) Principal lost her way";

    (g) "There is too much that has to be fixed"; and

    (h) "I can ride (it) out, I just gave a benediction";

18. In addition, during the course of the meeting, WANZA intentionally made numerous false,

    disparaging and defamatory statements about CENDAN, including:

    (a) CENDAN "is doing something shady";

    (b) CENDAN led the "school to disarray";

    (c) CENDAN committed theft;

    (d) CENDAN violated state and federal law;

    (e) CENDAN violated tax laws;

    (f) The State Attorney's Office was looking into criminal charges against CENDAN;

    (g) CENDAN violated federal regulations;

    (h) CENDAN failed to pay SCHOOL BOARD staff;

    (i) CENDAN engaged in "illegal" activity with respect to a fundraiser entitled, "Starr Strut"—even though this type of alleged "pay for play fundraiser is still operating, at many SCHOOL DISTRICT schools;

    (j) CENDAN destroyed the academic records of children;

    (k) CENDAN "lost her way"; and

    (l) CENDAN had unapproved vendors providing services to the children.

19. Moreover, a representative of the SCHOOL BOARD School Performance & Accountability Office, Christine Semisch, openly stated, to the Millennium Academy Staff, "how are you going to handle this confidential information," thereby negating any

semblance of "confidentiality," and voiding confidentiality, is violative of the Guidelines promulgated by the Florida Department of Education.

20. WANZA further falsely stated that CENDAN was derelict in her duties, as the Principal of Millennium Academy, since "junk food" was sold to students, but this same practice continues to occur at many SCHOOL DISTRICT locations.

21. WANZA also falsely stated that CENDAN violated unidentified laws by allowing fundraising programs, overseen by the Millennium Academy Booster Club, despite the fact that other schools in the SCHOOL DISTRICT similarly engaged in such activities, such as Booster-thons and Color Runs, which were not prohibited by the SCHOOL DISTRICT Administration.

22. CENDAN was denied a meaningful pre-disciplinary hearing, on May 29, 2018, in that the stated allegations within the May 23, 2018 correspondence, were merely a ruse and or a subterfuge; and the real allegations were hidden from the Plaintiff, by the administration on May 29, 2018, the actual misconduct allegations were orchestrated by WANZA, in the June 7, 2018 Millennium Academy meeting, and the Plaintiff was purposefully precluded by the SCHOOL BOARD Administration, from defending herself against these false and scurrilous allegations.

23. On June 8, 2018, the SCHOOL BOARD issued correspondence to CENDAN, indicating that her contract as a Principal would not be renewed.

24. CENDAN suffered a constructive discharge, as a SCHOOL BOARD employee, and her separation from employment, from employment became formally effective, as of June 30, 2018.

25. On June 21, 2018, while CENDAN was still a SCHOOL BOARD employee, SIU Chief Hutchinson, assigned the "investigation" of CENDAN, to Detective Brian Pillado ("PILLADO") and Detective Elizabeth Legacki ("LEGACKI"); however, no notice of the investigation was given to CENDAN, as required by SCHOOL BOARD Policy 4.9, Section V.

26. On July 17, 2018, without issuing proper notice to CENDAN, as required by SCHOOL BOARD Policy 4.9, PILLADO of the SCHOOL BOARD'S Special Investigative Unit ("SIU"), sent the Office of the State Attorney for Broward County, a memorandum, describing a "criminal inquiry" synopsis, instructing the State Attorney to conduct an investigation of CENDAN, to determine if she committed any criminal wrongdoing, regarding her operational oversight duties, while she was employed at the Millenium 6— 12 Collegiate Academy.

27. In his memorandum to the Office of the State Attorney, PILLADO specifically stated that CENDAN violated criminal statutes; as well as the applicable Code of Ethics, as administered by the State of Florida Educational Practices Commission, however, all of these purported allegations were blatantly false and unfounded. [A copy of the Memorandum is attached hereto, as **EXHIBIT B**].

28. On June 20, 2018, the SCHOOL BOARD, acting through its duly authorized employee, agent and or representative, Richard Mijon, referred allegations concerning CENDAN's purported ethical violations, to the State of Florida, Educational Practices Commission ("Commission"); however, the Statement of Good Faith, written to the Commission, by WANZA, contained the patently false statement, that CENDAN had "pending" criminal charges against her; and in addition, CENDAN was not officially cleared from these allegations with the Commission, until March of 2020.

29. In January of 2019, at an open meeting of the SCHOOL BOARD Audit Committee, the SCHOOL BOARD'S Chief Auditor, JABOUIN, further discussed CENDAN's alleged audit policy and procedure violations; furthermore, members of the press, including Scott Travis ("TRAVIS"), a reporter for the Sun Sentinel Newspaper were present, at this open public meeting, and TRAVIS proceeded to disseminate false information about CENDAN's alleged audit and procedure violations, on social media platforms, including, Twitter.

30. On October 19, 2019, the SCHOOL BOARD's Chief Auditor, Joris Jabouin ("JABOUIN"), referenced a State Attorney investigation against CENDAN, at an open public meeting of the SCHOOL BOARD Audit Committee.

31. On November 6, 2019, at an open public meeting of the SCHOOL BOARD, JABOUIN stated that CENDAN was subject to an official investigation, and that various members of the Office of School Performance and Accountability, and she, had been interviewed during that investigation.

32. Furthermore, on November 6, 2019, at an open public meeting of the SCHOOL BOARD, WANZA and SCHOOL BOARD member Laurie Levenson, stated that CENDAN was being subjected to a State Attorney investigation, which was being performed, at the request of an SIU "inquiry."

33. As a direct result of the false allegations, which were initiated, and or facilitated by the authorized agents, employees and or representatives of the SCHOOL BOARD, CENDAN has been unable to obtain a comparable position, similar to the administrative position, which she previously held, as the Principal of Millennium Academy.

34. While the Florida State Department of Education, Educational Practices Commission, was conducting its investigation, based upon information provided by the authorized agents, employees and or representatives of the SCHOOL BOARD, CENDAN was foreclosed from applying for public district positions; and CENDAN was not finally cleared, by the Commission, until March or 2020.

35. Specifically, on or about December, 2018, Charter School, USA, granted CENDAN an interview, but due to the prior false investigations, which were initiated and or facilitated, by authorized agents, employees and or representatives of the SCHOOL BOARD; specifically, Charter School USA representatives, were very concerned about media accounts on social and public media of CENDAN's alleged conduct; and this alleged conduct had been discussed by SCHOOL BOARD employees, to Charter School USA .

36. On or about March, 2020, CENDAN applied for various principal positions with the School District of Manatee County, but her application was denied, due to the prior false

11

allegations, which were initiated and or facilitated by the authorized agents, employees and or representatives of the SCHOOL BOARD.

37. On or about March of 2020, CENDAN applied for a principal position with the School District of Sarasota County, however, her application was denied, due to the prior false disciplinary allegations, which were initiated or facilitated, by the authorized agents, employees and or representatives of the SCHOOL BOARD.

## COUNT I
### (VIOLATION OF 42 U.S.C. Section 1983—VIOLATION OF PLAINTIFF'S LIBERTY INTEREST, UNDER A "STIGMA OR DISABILITY" THEORY)

38. Plaintiff restates and re-avers the allegations contained in Paragraphs 1-37 of the Amended Complaint, as if fully set forth herein.

39. Plaintiff has civil rights, with respect to her continued public employment, guaranteed to her, under the Fourteenth Amendment to the United States Constitution, pursuant to a liberty interest.

40. Prior to her separation from employment on June 30, 2018, Plaintiff suffered an adverse employment action, since she had no other reasonable choice, but to be constructively discharged, from her employment.

41. The Defendant committed a violation of Plaintiff's liberty interest, under the 14th Amendment to the United States Constitution, while acting under color of state law, and this constitutional deprivation is enforced by 42 U.S.C. Section 1983.

42. Pursuant to a continuing "stigma or disability theory," the actions of the Defendant, the SCHOOL BOARD, through its undertaking of disciplinary investigations, against

CENDAN, which were based upon entirely false allegations, and which were initiated and or facilitated provided by the authorized agents, employees and or representatives of the SCHOOL BOARD, in public forums, CENDAN has been foreclosed from exercising her freedom, and or from taking advantage of other comparable employment opportunities, since her separation from employment, with the SCHOOL BOARD, and from which she was constructively discharged, on June 30, 2018.

**WHEREFORE**, Plaintiff, CHERYL CENDAN, requests that the COURT enter judgment in her favor, against the Defendant, the SCHOOL BOARD OF BROWARD COUNTY, and upon entering judgment, award the following relief and or damages:

A) An award of compensatory damages, since Plaintiff has endured emotional distress and related suffering, as well as damage to her reputation; and the Defendant has stigmatized the innocent Plaintiff;

B) An award of special damages for pecuniary damages and or for loss of income, and or reinstatement, dating from her constructive discharge from employment on June 30, 2018, based upon the Defendant's stigmatizing conduct, resulting in the Plaintiff's inability, to find a comparable position, and this inability was directly caused by the stigmatizing conduct of the Defendant;

C) An award of reasonable attorney's fees, pursuant to 42 U.S. C. Section 1988 (b), and litigation costs, which have been incurred in the prosecution of this action; and

D) An award of such other and further relief, as the Court deems to be just, proper and equitable.

## COUNT II
### (VIOLATION OF 42 U.S.C. Section 1983—VIOLATION OF PLAINTIFF'S LIBERTY INTEREST, UNDER A "REPUTATION PLUS" THEORY)

43. Plaintiff restates and re-avers the allegations contained in Paragraphs 1-37 of the Amended Complaint, as if fully set forth herein.

44. Plaintiff has civil rights, with respect to her public employment, guaranteed to her under the Fourteenth Amendment to the United States Constitution, pursuant to a liberty interest.

45. Prior to her separation from employment on June 30, 2018, Plaintiff suffered an adverse employment action, since she had no other reasonable choice, but to be constructively discharged from her employment.

46. The Defendant committed a violation of Plaintiff's liberty interest, under the 14th Amendment to the United States Constitution, while acting under color of state law, and this constitutional deprivation is enforced by 42 U.S.C. Section 1983.

47. Pursuant to a continuing "reputation plus" theory, the actions of the Defendant, the SCHOOL BOARD, through its undertaking of disciplinary investigations, against CENDAN, which were based upon entirely false and officially defamatory allegations, which were initiated and or facilitated provided by the authorized agents, employees and or representatives of the SCHOOL BOARD, in public forums, and as a direct result of these actions, CENDAN has been foreclosed of her exercising her freedom, and or from taking advantage of other comparable employment opportunities, since her separation from employment with the SCHOOL BOARD, and from which she was constructively discharged, on June 30, 2018.

14

**WHEREFORE**, Plaintiff, CHERYL CENDAN, requests that the COURT enter judgment in her favor, against the Defendant, the SCHOOL BOARD OF BROWARD COUNTY, and upon entering judgment, award the following relief and or damages:

A) An award of compensatory damages, since Plaintiff has endured emotional distress and related suffering, as well as damage to her reputation; and the Defendant has stigmatized the innocent Plaintiff;

B) An award of special damages for pecuniary damages and or for loss of income, and or reinstatement, dating from her constructive discharge from employment, on June 30, 2018, based upon the Defendant's stigmatizing conduct, resulting in the Plaintiff's inability, to find a comparable position, and this inability was directly caused by the stigmatizing conduct of the Defendant;

C) An award of reasonable attorney's fees, pursuant to 42 U.S. C. Section 1988 (b), and litigation costs, which have been incurred in the prosecution of this action; and

D) An award of such other and further relief, as the Court deems to be just, proper and equitable.

## Demand for Trial by Jury

Plaintiff demands trial by jury over all such issues so triable.

15

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391


/s/ Mark J. Berkowitz
By: Mark J. Berkowitz


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent the Court's electronic filing system, CM/ECF, on this 9th day of July, 2020, to Michael Burke, Johnson, Anselmo, *et al.*, 2455 E. Sunrise Blvd., Suite 1000, Ft. Lauderdale, Florida 33304.

/s/ Mark J. Berkowitz
By: Mark J. Berkowitz